## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ROBERT LEON HILLMAN,**

       **Petitioner,**

    **v.**

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

       **Respondent.**

      **Case No. 2:15-cv-2417**
      **JUDGE GRAHAM**
      **Magistrate Judge King**

## ORDER

On October 20, 2016, the Magistrate Judge recommended that this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed and that Petitioner's *Motion for Sanctions* (ECF No. 43) be denied. *Report and Recommendation* (ECF No. 50). Petitioner objects to that recommendation, *Objection* (ECF No. 51), and asks to supplement his objections. *Request to Supplement Objections* (ECF No. 52). Petitioner's *Request to Supplement Objections* (ECF No. 52) is **GRANTED**.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 51) and supplemental objection (ECF No. 52) are **OVERRULED**. The *Report and Recommendation* (ECF No. 50) is **ADOPTED** and **AFFIRMED**.

Petitioner's *Motion for Sanctions* (ECF No. 43) is **DENIED**. Petitioner's motion requesting issuance of the *Report and Recommendation* (ECF No. 48) is **DENIED,** as moot.

This action is hereby **DISMISSED**. Petitioner's request for a certificate of appealability is **DENIED.**

Petitioner challenges his February 25, 2014, convictions, following a jury trial in the Franklin County Court of Common Pleas, on charges of burglary, attempted burglary, theft, and receiving stolen property. The state appellate court affirmed the judgment of the trial court, and the Ohio Supreme Court declined to accept jurisdiction of Petitioner's appeal. Petitioner also unsuccessfully pursued post-conviction relief. In this habeas corpus action under 28 U.S.C. § 2254, Petitioner alleges that the trial court lacked jurisdiction (claim one); that the trial court abused its discretion by permitting testimony from prosecution witness Tintera (claim two); that he was denied a fair trial based on prosecutorial misconduct in using allegedly false testimony and in allegedly violating *Brady v. Maryland*, 373 U.S. 83 (1963) (claim three); that there was "witness misconduct" (claim four); that the evidence is constitutionally insufficient to sustain his convictions (claim five); that he was denied due process and equal protection because the trial court refused to grant his request for a continuance (claim six); that he was denied the effective assistance of trial counsel during the investigative and advisory stages of the proceedings (claim seven); that he was denied a fair trial based on the prosecutor's improper misjoinder of offenses and lack of fingerprint evidence (claim nine); that the trial court interfered with his ability to select an impartial jury (claim ten); that the trial court issued flawed jury instructions regarding evidence of other bad acts (claim eleven); that he was denied due process and equal protection because he could not present defense witnesses (claim twelve); that his sentence violates the Eighth Amendment (claim thirteen); that he was denied due process and equal protection because the jury failed to detect and disregard false testimony by prosecution witnesses (claim fourteen); and that the trial court denied him due process and equal protection because it failed to hold a proper suppression hearing (claim fifteen). The Magistrate Judge recommended dismissal of Petitioner's claims as procedurally defaulted or without merit.

Petitioner objects to all of the Magistrate Judge's recommendations.  He asks that the Court liberally construe his pleadings in view of his status as a *pro se* litigant. Petitioner also objects to the recommended dismissal of this action without an evidentiary hearing or expansion of the record to include a copy of the 9-1-1 tape, and complains that the Magistrate Judge issued the *Report and Recommendation* only two days after the reassignment of the case from the previously assigned Magistrate Judge. *See Order* (ECF No. 49). Petitioner also insists that he properly preserved all of his claims for federal habeas corpus review, and that none of his claims is subject to procedural default because any failure on his part was justified in view of his pro se status, confusion caused by the state courts, or "invited error." (ECF No. 52, PageID# 1713).  He also disputes the factual findings of the state appellate court, and specifically insists, contrary to the finding of the state courts, that he did not request a continuance in order to delay trial proceedings.[1] Rather, Petitioner observes that his attorney withdrew shortly before trial, and that Petitioner notified the trial court that he needed the assistance of an investigator. Petitioner also renews all the arguments that he previously raised in regard to the merits of his claims.  He complains that the Magistrate Judge improperly or unreasonably applied federal law in order to deny him relief.  He argues, *inter alia*, that his attorney failed to adequately prepare for trial and acted in a constitutionally ineffective manner prior to trial and that prosecution witnesses lied; he contends that a copy of the 9-1-1 tape would have exonerated him; he claims that – had he been granted the requested continuance – he could have found a witness who would have provided exculpatory testimony for the defense; he claims that his convictions violate the Double Jeopardy Clause; and he argues, at length, that the evidence is constitutionally insufficient to sustain his

---

[1] Petitioner argues that, because he was incarcerated at the time of the requested continuance, he would not have benefitted from any such delay.

3

convictions.  Finally, Petitioner alleges that he has been denied due process and insists that he is the victim of fraudulent or sham proceedings.

On October 17, 2016, Petitioner requested an immediate ruling on this case.  *Motion* (ECF No. 48).  The October 20, 2016, *Report and Recommendation* – 53 pages in length – carefully considered the entire record and all the arguments raised by Petitioner.  Under these circumstances, his current complaint that the Magistrate Judge issued the *Report and Recommendation* too quickly is not well taken.

Moreover, and for the reasons already well detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections are not persuasive.  Despite Petitioner's lengthy arguments to the contrary, the record simply fails to offer a basis for federal habeas corpus relief. Neither an evidentiary hearing nor expansion of the record is required in order to permit this Court to resolve the action.  Moreover, and as the Magistrate Judge discussed, a copy of the 9-1-1 tape would not assist Petitioner in establishing his claims.

As noted, the *Report and Recommendation* concluded that certain of Petitioner's claims are procedurally defaulted.  Petitioner argues that, to the extent that he failed to follow a state procedural rule, he had good cause for doing so. It is true that federal habeas claims may be reviewed on the merits notwithstanding a procedural default if the petitioner can demonstrate cause for the default and actual prejudice resulting from the alleged constitutional error. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

> "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] . . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003); *see also Lundgren v. Mitchell*, 440 F.3d 754, 763–64 (6th Cir. 2006)(citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  However, a petitioner's *pro se* status, or ignorance of the law or of state procedural requirements does not establish cause sufficient to excuse a procedural default.  *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004)(citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)).  Rather, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him."  *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007)(citation omitted).  This Court agrees with the Magistrate Judge that Petitioner has failed to meet this standard here.

The Court also agrees with the Magistrate Judge that Petitioner's claims that are not subject to procedural default are nevertheless without merit.  Even liberally construed, the *Petition* cannot be fairly read to state a claim regarding an alleged violation of the Double Jeopardy Clause.  This Court therefore will not address the merits of any such claim.  Petitioner's claim that the trial court lacked jurisdiction involves a matter regarding an alleged violation of state law and does not offer a basis for federal habeas corpus relief.  *See* 28 U.S.C. § 2254(a).  Similarly, Petitioner's claim that the trial court violated state evidentiary rules when it admitted the testimony of prosecution witness Tintera is not tantamount to a deprivation of fundamental fairness or due process so as to justify federal habeas corpus relief.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).  Even without an eyewitness to the crimes charged, or fingerprint evidence, the evidence actually presented at Petitioner's trial, when viewed in the light most favorable to the prosecution, was constitutionally sufficient to sustain Petitioner's convictions.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Indeed, the record reflects strong circumstantial evidence of Petitioner's guilt.  Moreover, the record does not support Petitioner's allegation that prosecution witnesses lied or that he was denied a fair trial because of prosecutorial misconduct.  Likewise,

the record fails to support Petitioner's claim that the trial court prevented him from presenting a defense or unconstitutionally denied his last minute request for a continuance of the trial. Finally, Petitioner has failed to establish the denial of the effective assistance of counsel under the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984).

In short, the Court concludes that Petitioner's objections to the *Report and Recommendation* are without merit.

Petitioner asks the Court to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, — U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to pursue an appeal.)  The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983).  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where a court dismisses a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

The Court is not persuaded that Petitioner has met either of these standards here.

Therefore, Petitioner's *Request to Supplement* Objections (ECF No. 52) is granted. Petitioner's Objection (ECF No. 51) and objections contained in Petitioner's supplemental objections (ECF No. 52) are **OVERRULED.** The *Report and Recommendation* (ECF No. 50) is **ADOPTED** and **AFFIRMED**.      Petitioner's *Motion for Sanctions* (ECF No. 43) is **DENIED**. Petitioner's motion requesting issuance of the *Report and Recommendation* (ECF No. 48) is **DENIED,** as moot.

This action is hereby **DISMISSED**.  The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Finally, the Court **DECLINES** to issue a certificate of appealability.

Date: October 28, 2016

                        _____s/James L. Graham_____
                        James L. Graham
                        United States District Judge