IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT LEON HILLMAN,**

    **Petitioner,**

    v.                      **CASE NO. 2:15-CV-02417**
                             **JUDGE JAMES L. GRAHAM**
**WARDEN, CHILLICOTHE**        **Magistrate Judge King**
**CORRECTIONAL INSTITUTION,**

    **Respondent.**

## OPINION AND ORDER

On October 28, 2016, final judgment was entered dismissing this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Judgment* (ECF No. 54.) Petitioner thereafter filed a motion requesting judicial notice pursuant to Rule 201 of the Federal Rules of Evidence. *Petitioner* [sic] *Request This Honorable Court to Take Judicial Notice Pursuant to Evid Rule 201 and to Recall It's October 28, 2016 Mandate* (ECF No. 55.) Invoking the provisions of Rule 60(b) of the Federal Rules of Civil Procedure, Petitioner's motion also asks that the Court vacate its dismissal of the action and its denial of his request for a certificate of appealability. *Id.* After he filed that motion, Petitioner also filed a notice of appeal. *Notice of Appeal* (ECF No. 56.)

In light of Petitioner's appeal, this Court no longer has jurisdiction over the issues presented by petitioner's motion. *See Pickens v. Howes,* 549 F.3d 377, 383 (6th Cir. 2008)("Once divested of jurisdiction, the district court may 'aid the appellate process' but may not independently grant a Rule 60(b) motion"). Moreover, even if the matter were remanded to this Court for consideration of the motion*, see Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356 (6th Cir. 2001), this Court would conclude that petitioner's motion (Doc. No. 55) lacks merit.

**Discussion**

In his motion, Petitioner complains that the Court improperly failed to engage in meaningful consideration of his claims, thereby denying him access to the courts.  He also maintains that the Court improperly denied his request for an evidentiary hearing, failed to defer to the factual findings of the state appellate court on his claim of the denial of the effective assistance of counsel, and based its decision on flawed factual findings.  Finally, Petitioner contends that the judgment of this Court must be reversed as a matter of law because it is an objectively unreasonable application of 28 U.S.C. § 2254(d).

To the extent that Petitioner contends that he should have been permitted to present evidence in support of his claims at an evidentiary hearing, his current motion may constitute a "second or successive" habeas application that requires prior authorization from the United States Court of Appeals. *See Franklin v. Jenkins,* — F.3d —, 2016 WL 5864892, at *6 (6th Cir. Oct. 7, 2016)(citing *Burton v. Stewart,* 549 U.S. 147, 149 (2007)).

To the extent that Petitioner contends that the dismissal of this action was based on fraud and misrepresentation, there is nothing in the record to support that contention. Likewise, Petitioner's claim that the Court failed to engage in meaningful consideration of his claims is utterly without support.

Finally, Petitioner asks that the Court take judicial notice that the dismissal of this action "must be reversed as a matter of law" as an "objectively unreasonable application of law under U.S.C. 2254(d)" because the Court "failed to defer to the state courts findings on the ineffective assistance of counsel claim."  *Petitioner* [sic] *Request This Honorable Court to Take Judicial Notice Pursuant to Evid Rule 201 and to Recall It's October 28, 2016 Mandate* (ECF No. 55,

PageID# 1735.) Under Rule 201 of the Federal Rules of Evidence, a district court may take judicial notice – at any stage of the proceeding and whether or not asked to do so by the parties – of any fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. However, Petitioner's motion points to no fact appropriate for judicial notice by this Court.

In sum, this Court lacks jurisdiction to consider *Petitioner* [sic] *Request This Honorable Court to Take Judicial Notice Pursuant to Evid Rule 201 and to Recall It's October 28, 2016 Mandate*. Accordingly, the motion (ECF No. 55) is denied without prejudice. Moreover, even if the matter were remanded to this Court for consideration of the motion, *see Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356 (6th Cir. 2001), this Court would conclude that petitioner's motion lacks merit.

Date: November 10, 2016

                                                                                                                                              ___s/James L. Graham___
                                                                                                                                              James L. Graham
                                                                                                                                              United States District Judge