**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROBERT LEON HILLMAN,**

    Petitioner,

    v.

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

    Respondent.

Case No. 2:15-cv-02417
**JUDGE JAMES L. GRAHAM**
**Magistrate Judge King**

## OPINION AND ORDER

Petitioner filed this action for a writ of habeas corpus under 28 U.S.C. § 2254, asserting 15 claims, including a claim that his trial counsel rendered ineffective assistance by failing to investigate the case, by failing to file pre-trial motions, and by failing to notify Petitioner of the motions being filed by the government. On October 26, 2016, this Court entered final judgment dismissing this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, reasoning that the claims were either procedurally defaulted or without merit; the Court specifically dismissed Petitioner's claim of ineffective assistance of counsel as without merit. *Order* (ECF No. 53); *Judgment* (ECF No. 54). This Court also declined to issue a certificate of appealability, *Order* (ECF No. 53), and on June 26, 2017, the United States Court of Appeals for the Sixth Circuit also denied Petitioner's application for a certificate of appealability. *Hillman v. Warden*, No. 16-4280 (6th Cir. June 26, 2017).

This matter is now before the Court on Petitioner's February 27, 2018, motion for relief from judgment. Respondent opposes the motion. *Respondent's Response in Opposition* (ECF

No. 61). Petitioner has filed a reply in support of his motion and asks that Respondent's response be ordered stricken "as representing a fraud upon the court." *Reply* (ECF No. 62, PageID# 1785). For the reasons that follow, the Court declines to strike Respondent's response and Petitioner's motion for relief from judgment (ECF No. 60) is **DENIED**.

Petitioner invokes Rule 12(f) of the Federal Rules of Civil Procedure in asking that Respondent's response be ordered stricken. That Rule authorizes a District Court to "strike <u>from a pleading</u> an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* (emphasis added). A memorandum in opposition to a motion is not a pleading as defined by Rule 7(a) of the Federal Rules of Civil Procedure and is therefore not subject to a motion to strike under Rule 12(f). *See Fox v. Michigan State Police Dep't,* 173 F. App'x 372, 375 (6th Cir. 2006). In any event, Petitioner's request that the response be stricken is based on Petitioner's disagreement with the legal arguments presented in that response. Those legal arguments are not "redundant, immaterial, impertinent, or scandalous," Rule 12(f), and therefore need not be ordered stricken. Finally, and for the reasons that follow, the Court agrees with Respondent that Petitioner's motion for relief from judgment is without merit. For all these reasons, then, the Court declines to strike Respondent's response.

Citing Rule 60(b) of the Federal Rules of Civil Procedure, Petitioner contends that relief from the dismissal of the action is warranted because his claim of denial of the effective assistance of trial counsel during pre-trial proceedings remains unexhausted, and that this Court therefore lacked jurisdiction to address the issue.  Petitioner also claims that he has established a manifest miscarriage of justice, that he has been denied due process and equal protection, and that he has been deprived of meaningful access to the courts.  He further contends that, in dismissing this action, this Court made erroneous and inconsistent factual findings.  Petitioner

asks that this action be reopened and that further proceedings be stayed pending his exhaustion of his claim of denial of the effective assistance of trial counsel.

As noted, Petitioner invokes Rule 60 of the Federal Rules of Civil Procedure, which provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Motions under Rule 60(b) may not be used as vehicles to circumvent the limitations that Congress has placed on the presentation of claims in a second or successive application for habeas relief. *See Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Clark v. United States*, 764 F.3d 653, 658-59 (6th Cir. 2014)). When filed in a habeas corpus action, a motion for relief from judgment under Rule 60(b) may be entertained by a District Court, without prior authorization by the Court of Appeals, *see* 28 U.S.C. § 2244(b), only when the motion attacks, not the substance of the District Court's resolution of a claim, but some defect in the integrity of the federal habeas proceedings.

*Gonzalez*, 545 U.S. at 532. For example, when a petitioner "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar[,]" the motion may properly be addressed under Rule 60(b). *Id*. at 532, n.4. However, a motion under Rule 60(b) that seeks to assert a new substantive claim for habeas relief must be treated as a successive petition for which prior authorization is required. *Id*. at 531.

> A petitioner's Rule 60(b) motion is a "second or successive" habeas application "when it 'seeks vindication of' or 'advances' one or more 'claims.'" *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) (quoting *Gonzalez*, 545 U.S. at 531–32, 125 S.Ct. 2641). A "claim," in turn, "is 'an asserted federal basis for relief from a state court's judgment of conviction.'" *Ibid*. (quoting *Gonzalez*, 545 U.S. at 530, 125 S.Ct. 2641).
>
> For example, a habeas petitioner's Rule 60(b) motion advances claims "when [the petitioner] seeks to add a new ground for relief or seeks to present 'new evidence in support of a claim already litigated.'" *Moreland*, 813 F.3d at 322 (quoting *Gonzalez*, 545 U.S. at 531, 125 S.Ct. 2641). By contrast, a petitioner does not seek to advance new claims "when [his] motion 'merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Post,* 422 F.3d at 424 (quoting *Gonzalez*, 545 U.S. at 532 n.4, 125 S.Ct. 2641).

*Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016).

Thus, to the extent that Petitioner asserts that the Court improperly dismissed his claims on the merits, it constitutes a successive petition and this Court lacks jurisdiction to consider the motion absent authorization by the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Although the Court also dismissed certain of Petitioner's claims as procedurally defaulted, Petitioner's motion does not address the issue of procedural default. Petitioner does argues that the Court lacked jurisdiction to consider the case and "committed an act of fraud," because at least some of his

claims purportedly remain unexhausted, and the Court therefore should have granted a stay in lieu of dismissing the case. To the extent that the Court may properly address this issue, *see Akemon v. Brunsman*, No. C-1-06-166, 2008 WL 1766707, at *4 (S.D. Ohio April 17, 2008) (considering the denial of the petitioner's motion for a stay as properly raised in Rule 60(b) proceedings), Petitioner nonetheless has failed to provide a basis for relief.

Rule 60(b)(6) requires a showing of "exceptional or extraordinary circumstances." *Taylor v. Streicher*, 469 Fed. App'x 467, 468 (6th Cir. 2012); *West v. Bell*, 3:01–cv–91, 2010 WL 4363402, at *4 (E.D.Tenn. Oct. 27, 2010) (citing *Gonzalez*, 545 U.S. at 524). Such circumstances rarely occur in habeas corpus cases, *Gonzalez,* 545 U.S. at 535, and the record in this action does not reflect such exceptional circumstances. A claim of legal error, unaccompanied by facts establishing extraordinary and exceptional circumstances, is not cognizable under Rule 60(b)(6). *West v. Bell*, 2010 WL 4363402, at *4 (citing *Gonzalez*, 545 U.S. at 535)).

As noted, the Court dismissed Petitioner's claim of denial of the effective assistance of counsel during pre-trial proceedings on the merits. *See Report and Recommendation* (ECF No. 50, PageID# 1637-42); *Order* (ECF No. 53, PageID# 1730). Respondent did not argue that this claim was unexhausted, and Petitioner did not request a stay on the basis of exhaustion. Moreover, the record does not indicate that any state remedies remained available to the Petitioner. Indeed, Petitioner raised this claim on direct appeal and in post conviction proceedings. The state appellate court dismissed Petitioner's post conviction appeal based on Petitioner's failure to comply with Appellate Rule 3(D), and Petitioner did not file an appeal from that decision. *See Report and Recommendation* (ECF No. 50, PageID# 1612). In any event, this Court dismissed all of Petitioner's allegations of denial of the effective assistance of

counsel – whether they appeared off the record or on the record – as plainly without merit. *Id*. (ECF No. 50, PageID# 1641-42). The Court was vested with jurisdiction to do so. *See* 28 U.S.C. § 2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

Further, this motion is untimely. A motion under Rule 60(b) "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1). Petitioner waited approximately one year and four months after the Court's October 26, 2016, final judgment of dismissal to file his motion. Petitioner fails to explain this delay and he advances no reason that he could not earlier have raised this issue.

Therefore, because this Court lacks jurisdiction to consider Petitioner's Rule 60(b) motion absent authorization from the United States Court of Appeals, because Petitioner has failed to provide a basis for relief, and because the motion is untimely, Petitioner's motion for relief from judgment (ECF No. 60) is **DENIED**.

**IT IS SO ORDERED**.

Date: March 9, 2018

                                                    s/James L. Graham  
                                                    JAMES L. GRAHAM  
                                                    United States District Judge